United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41164
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE EDUARDO HERNANDEZ-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-214-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jorge Eduardo Hernandez-Perez (Hernandez) appeals his
conviction and sentence for attempted illegal reentry after
deportation. On appeal, he challenges the constitutionality of
the "felony" and "aggravated felony" provisions of 8 U.S.C.
§ 1326(b), and he contends that his challenge is not barred by
the appeal-waiver provision of his plea agreement. The
Government seeks enforcement of the waiver provision. Because
Hernandez's substantive contention is foreclosed, we need not
address whether to enforce the waiver provision.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The constitutional issue raised by Hernandez is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Hernandez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Hernandez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.